IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

       Plaintiff,

 v.

RENNAE SCHUELER, ANGELA HODGE,
SALAMULLAH SYED, TERESA EAILR, and
DENISE VALERIUS,

       Defendants.

ORDER

19-cv-379-jdp

---

  Pro se plaintiff Deyontae Cornail Stinson, an inmate at Columbia Correctional Institution (CCI), filed this lawsuit alleging that CCI medical staff failed to properly treat his knee injury. In an October 28, 2019 order, I dismissed Stinson's complaint because it violated Federal Rule of Civil Procedure 8 by failing to identify which defendants were responsible for the deprivations he alleged. Dkt. 13. I gave Stinson until November 18, 2019 to submit an amended complaint that fixed this problem. Stinson did not do so. So on December 3, I dismissed Stinson's case for failure to state a claim upon which relief can be granted, *see* Dkt. 15, and assessed him a "strike" under 28 U.S.C. § 1815(g). *See Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should assess strike for failure to correct a pleading that violates Rule 8).

  Stinson has now filed a response to my order, asserting that he did not receive my October 28, 2019 order and asking me to reopen the case. Dkt. 18. I will construe Stinson's filing as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59. Because Stinson apparently didn't receive my previous order, I would consider vacating the judgment, reopening the case, and rescinding the strike I assessed him. But Stinson has still

not corrected the defects I identified in my October 28 order by filing an amended complaint explaining how the defendants he identifies are responsible for violating his rights. There is still no complaint that states a viable claim for relief, so there is no reason for me to reopen the case.

I will give Stinson a final chance to amend his complaint. I will also direct the clerk's office to send Stinson a copy of my October 28 order, which contains specific instructions about how to draft the amended complaint. Dkt. 13, at 5. I understand from Stinson's Rule 59 motion that CCI is currently on lockdown, but that should not impair his ability to draft an amended complaint. All Stinson needs to do in the amended complaint is explain what happened to him and who is responsible. He need not plead legal theories, cite case law, or include legal research. If Stinson does not file his amended complaint by the deadline set below, I will deny his Rule 59 motion and the case will remain closed.

ORDER

IT IS ORDERED that plaintiff Deyontae Cornail Stinson may have until January 9, 2020 to respond to this order by filing an amended complaint that addresses the problems explained in my October 28, 2019 order. The clerk of court is directed to send Stinson a copy of that order, Dkt. 13.

Entered December 18, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge