IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

                     Plaintiff,

    v.                                                               OPINION and ORDER

RENNAE SCHUELER, SALAMULLAH SYED,                     19-cv-379-jdp
and TIM DETERS,

                     Defendants.

---

Pro se plaintiff Deyontae Cornail Stinson is proceeding on Eighth Amendment and state-law negligence claims against three Columbia Correctional Institution health care providers who he says failed to properly treat his knee injury. Stinson has filed a motion to strike defendants' affirmative defenses, Dkt. 37, as well as a motion for assistance in recruiting counsel, Dkt. 47. For reasons explained below, I will deny both motions.

**A. Motion to strike**

Stinson has filed a motion to strike the eight affirmative defenses asserted by defendants Rennae Schueler and Salamullah Syed in their answer: (1) failure to exhaust; (2) qualified immunity; (3) sovereign immunity; (4) limitation of damages under 42 U.S.C. § 1997e(e); (5) comparative negligence or contributory negligence; (6) intervening and/or superseding causes over which defendants had no control; (7) application of Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82; and (8) discretionary immunity. Dkt. 34, at 3–4. He says that several of the asserted defenses are "not true" and therefore inapplicable to his case, and that other defenses are vague.

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But

motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted); *see also Washington v. Schuler*, No. 18-cv-208-bbc, 2018 WL 4603270, at *1 (W.D. Wis. Sept. 25, 2018) (citing same standard). As the moving party, Stinson has the burden to show "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Pope v. Espeseth, Inc.*, No. 15-cv-486-jdp, 2016 WL 1715206, at *1 (W.D. Wis. Apr. 28, 2016).

Stinson hasn't met that burden here. All of defendants' affirmative defenses relate to Stinson's claims, and their assertion in the answer is not unduly prejudicial to Stinson. Stinson contends that many of the defenses are vague, but they are sufficient to provide him with notice of the nature of the defenses, which is all that is required under Rule 8. The defenses may or may not be meritorious; at this early stage of the lawsuit, it is too soon to tell. Some of the defenses are primarily questions of law (such as the damages limitation and the various immunity doctrines), and I will not be able to discern what (if any) application they might have until later, if and when defendants choose to raise them at summary judgment or trial. Other defenses (such as failure to exhaust and issues relevant to negligence and causation) depend on facts that will need to be fleshed out during discovery. Although Stinson contends that these defenses are doomed to fail, I cannot say so conclusively based on the limited record before me. None of them are plainly unworthy of consideration, so I will not strike them. Stinson may contest these defenses if defendants raise them at summary judgment or trial.

**B. Motion for assistance in recruiting counsel**

Stinson asks me to appoint counsel to represent him. Dkt. 47. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). A party requesting such assistance must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) he has made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt*, 503 F.3d at 655.

Stinson satisfies the first requirement, as the court granted him leave to proceed in forma pauperis in this case. He also satisfies the second requirement because he indicates that he wrote letters to two lawyers (Myrna Hart and Michael P. Russart) and one law firm (Whyte Hirschboeck Dudek S.C.) more than 30 days ago but hasn't yet received any responses. But Stinson does not currently meet the third requirement, because it is too early to determine whether this case will be too complex for Stinson to handle without counsel. This court generally defers decisions regarding recruitment of counsel at least until the deadline has passed for defendants to file a motion for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies. Because defendants have the burden to show that Stinson didn't properly complete the exhaustion process and because issues about exhaustion are usually simpler than a case's merits, counsel is usually unnecessary at that stage. Stinson's filings to date show that he should be able to handle any issues related to exhaustion, so I

3

decline to recruit counsel for him at this time. Stinson is free to renew his motion later in the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Deyontae Cornail Stinson's motion to strike defendants' affirmative defenses, Dkt. 37, is DENIED.

2. Stinson's motion for assistance in recruiting counsel, Dkt. 47, is DENIED.

Entered June 19, 2020.

                                                                                 BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge