IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

    Plaintiff,

v.

RENEE SCHUELER, SALAMULLAH SYED,
and TIM DETERS,

    Defendants.

OPINION and ORDER

19-cv-379-jdp

---

Pro se plaintiff Deyontae Cornail Stinson contends that prison officials at Columbia Correctional Institution (CCI) failed to provide him with adequate medical treatment for a knee injury in violation of the Eighth Amendment and state negligence law. The defendants are CCI employees Rene Schueler, a health services manager, and Salamullah Syed, a physician. The third defendant, Tim Deters, is a nurse who works for a private company that contracts to provide services to CCI. Deters moves for summary judgment on the claims against him, on grounds that Stinson failed to exhaust his administrative remedies. Dkt 60. Because Stinson filed a grievance with the prison about his injury that properly exhausted his claim, I will deny Deters's motion for summary judgment. (The other defendants did not move for summary judgment on the exhaustion issue.)

Before turning to the summary judgment motion, I address three motions by Stinson: (1) a motion to compel discovery, Dkt. 77; (2) a motion for a court-appointed expert witness, Dkt. 75; and (3) a motion to amend the label of one of his summary judgment filings, Dkt. 79. I will deny Stinson's motions.

A. **Stinson's motions**

1. **Motion to compel discovery**

Stinson moves to compel discovery under Federal Rule of Civil Procedure 37(a). Dkt. 77. He also moves for payment of $200 in expenses for filing his motion under Rule 37(a). Stinson says that he sent defendants Schueler and Syed interrogatories and requests for production of documents but that they have failed to respond.

There are two problems with Stinson's motion. First, he submitted his discovery requests to the court instead of serving them on defendants as required under Federal Rule of Civil Procedure 5(a)(1)(C). *See* Dkt. 51 (interrogatories and requests for production). As the clerk of court notified Stinson when the court received his discovery requests, his interrogatories and requests for production should be sent directly to defendants' attorneys and not filed with the court. Dkt. 52; *see also* Dkt. 81. Second, Stinson's motion does not certify that he has in good faith conferred or attempted to confer with defendants to obtain responses to his discovery requests. *See* Fed. R. Civ. P. Rule 37(a) (any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Stinson should send defendants his discovery requests and confer with them before filing another motion to compel.

2. **Motion for appointment of a medical expert**

Stinson moves for the appointment of a medical expert under Federal Rule of Evidence 706. Dkt. 75. Rule 706 allows a court to appoint a neutral expert when doing so is necessary to help the court or the jury interpret complex information. Fed. R. Evid. 706(a); *DeJesus v. Godinez*, 720 F. App'x 766, 772 (7th Cir. 2017). Stinson does not identify a particular reason

why his case is so complex that a court-appointed expert is required. He only cites *Johnson v. Hubbard*, 698 F.2d 286, 291 (6th Cir. 1983) (Swygert, L., dissenting), a case that does not involve Rule 706, to argue that it makes little sense to allow indigent persons to file suit if they will be unable to present witnesses at the trial. It appears that Stinson wants an expert witness to buttress his own testimony. But that is not the purpose of a court-appointed expert. Federal Rule of Evidence 706 allows appointment of an expert witness if necessary to help the court understand the issues, not to assist a party in preparing his case. *Dobbey v. Carter*, 734 F. App'x 362, 364–65 (7th Cir. 2018).

### 3. Motion to amend

Stinson moves to amend the label of his recent summary judgment submission, "Motion for partial summary judgment on exhaustion of administrative remedies response," Dkt. 70. Dkt. 79. He asks that the name of the filing be changed to "Plaintiff's response motion for summary judgment on exhaustion of administrative remedies." Stinson's motion is unnecessary. I recognize this submission as part of his opposition to Deters's motion for summary judgment. Dkt. 60.

## B. Exhaustion of administrative remedies

Defendant Deters moves for summary judgment on the ground that Stinson failed to exhaust his administrative remedies. Dkt. 60.

The following facts are relevant to Deters's motion for summary judgment. In his complaint, Stinson alleges that he injured his knee while playing basketball at CCI on February 18, 2017. Dkt. 20. Defendant Nurse Deters evaluated him that day. Deters told him that no doctors were available to give him an x-ray because it was the weekend. Deters did not send Stinson to an off-site doctor and did not note Stinson's need for an x-ray in his medical progress

notes. Two days later, a different nurse evaluated Stinson and noted that he needed an x-ray. For several months, Stinson did not see doctor or have an x-ray. Deters saw Stinson for his knee injury again on April 5. Deters did not note that Stinson needed an x-ray or that he should be seen by a doctor. On May 18, Stinson saw an advanced care provider who ordered an MRI, which Stinson received on July 11. The MRI showed a complex meniscus tear. On July 24, Stinson was referred to an orthopedist. Stinson saw the orthopedist in August and was scheduled to receive surgery on November 16. He didn't receive surgery until March 15, 2018.

The parties agree that Stinson filed one grievance about his inadequate medical treatment on February 2, 2018. *See* Dkt. 62-3. He complained of a year-long delay in care, stating that he was:

> Denied proper medical care from [Health Services Unit (HSU)]. For a right leg injury that's been going on for a year. I try writing [HSU] every other week telling them my leg is in pain. They'll call me down every once in a while and tell me it looks kind of swollen, and say some doctor will see you, but nothing never happens. HSU knows my leg and my feet are in pain, but steady pushing me away. I can see if this was happening in 90 days or something, but it's not it's been a year I have been going through pain, that's not proper medical care for an inmate it's wrong I need help.

Dkt. 62-4. A complaint examiner reviewed Stinson's grievance. *Id.* The examiner listed all of Stinson's past appointments related to his knee injury, including his visits with Deters in February and April of 2017. The examiner concluded that there was a delay between Stinson's MRI and scheduling of his surgery, but that "care has been occurring and plans for continued care are in process. Noting that surgery is scheduled, recommendation is for dismissal." *Id.*

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

4

42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must "properly take each step within the administrative process," which includes filing grievances and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and failure to exhaust requires dismissal of a prisoner's case. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Deters makes two arguments in support of his contention that Stinson failed to exhaust his administrative remedies. First, he argues that Stinson's grievance did not include enough information to meet the PLRA's exhaustion requirement because it did not name Deters or describe his specific alleged misconduct. But the PLRA does not require a plaintiff to name a specific defendant in his grievance. *Jones*, 549 at 218. And an inmate does not need to lay out a detailed factual narrative, articulate legal theories, or demand particular relief to exhaust his administrative remedies; he must only "object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). The standard is whether the grievance would put officials on notice of the plaintiff's claim. *Wille v. Pugh*, No. 13-cv-1024, 2015 WL 5254532, at *6 (E.D. Wis. Sept. 9, 2015). Stinson's grievance meets that standard. It articulates a concrete problem: he had an injury that health providers failed to address for a year despite his requests for care. The complaint examiner's review mentioned Stinson's

5

appointments with Deters, so officials were on notice that Deters's conduct was part of Stinson's claim.

Second, Deters argues that Stinson filed his grievance too late. The State of Wisconsin requires prisoners to file a grievance within 14 calendar days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). Deters contends that if Stinson believed that Deters should have referred him to a doctor or for an x-ray, he should have filed a complaint about those issues within 14 days of his appointments with Deters. Dkt. 61, at 10. But a procedural shortcoming, like failure to follow the prison's deadlines, amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming in rejecting a prisoner's complaint. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (citations omitted). If prison officials address an inmate's grievance on the merits, and do not dismiss it on procedural grounds, the grievance has alerted the state and invited corrective action, and defendants cannot rely on the failure to exhaust defense. *Id.* Stinson's complaint was dismissed on the merits and was not rejected as untimely.

Where an inmate's grievance complains about an ongoing lack of care from prison officials, "proper exhaustion occurs when a plaintiff files an appropriate grievance through the proper channels once he has realized that he would not be able to resolve his grievance with the medical staff informally, even if it's more than 14 days after the earliest instance of the denial of medical treatment." *Nieto v. Dittman*, No. 16-CV-163-JDP, 2017 WL 3610571, at *2 (W.D. Wis. Aug. 22, 2017) (plaintiff prisoner properly exhausted when he filed a grievance about ongoing lack of treatment two years after first being seen for a foot injury); *see also Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (plaintiff prisoners need not file multiple, successive grievances raising the same issue if the alleged deprivation is continuing.). Stinson

filed his grievance after repeated delays in his care, unfulfilled requests to medical staff, and the passage of his surgery date made him realize that he had an ongoing problem that he could not resolve informally with health services. Stinson properly exhausted his claim. I will deny Deters's motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Deyontae Cornail Stinson's motion to compel, Dkt. 77, is DENIED.

2. Plaintiff's motion for a court-appointed expert, Dkt. 75, is DENIED.

3. Plaintiff's motion to amend the label of his filing, Dkt. 79, is DENIED.

4. Defendant Tim Deters's motion for summary judgment for plaintiff's failure to exhaust administrative remedies, Dkt 60, is DENIED.

Entered December 29, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge