IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEYONTAE CORNAIL STINSON,

                Plaintiff,

v.                                             ORDER

RENEE SCHUELER,
SALAMULLAH SYED, and                   19-cv-379-jdp
TIM DETERS,

                Defendants.

---

Pro se plaintiff Deyontae Cornail Stinson alleges that prison officials at Columbia Correctional Institution (CCI) failed to provide him with adequate medical care for a knee injury in violation of his constitutional rights and state law. Two motions are before the court. First, Stinson has filed a renewed motion for assistance in recruiting counsel. Dkt. 87. Second, Stinson has filed a motion to rely on a theory of res ipsa loquitor and to present lay witness testimony to support his medical negligence claim. Dkt. 91.

I will deny Stinson's renewed motion for assistance in recruiting counsel. Dkt. 87. Stinson argues in his motion that his case is complex, he may require a medical expert but cannot find one, he has limited education and legal knowledge, and prison restrictions related to COVID-19 have interfered with his law library access. He also says that he is unable to get defendants to comply with his discovery requests.

Stinson's case has advanced beyond the exhaustion stage, but I am still not persuaded that his claims boil down to the type of complex medical issues that warrant assistance in recruiting counsel or that require a medical expert. His claims will instead turn on factual questions about defendants' delays in providing him care. The likely next step in the case is for

one or both sides to file substantive motions for summary judgment. If summary judgment briefing shows that Stinson is unable to litigate his case on his own or that he requires a medical expert, Stinson may ask me to revisit his need for counsel.

Stinson's lack of formal education and legal training is not a sufficient reason to recruit counsel, because those challenges are common for pro se litigants. That CCI's COVID-19 restrictions are limiting his ability to conduct legal research is also not a reason to grant his motion. If the parties move for summary judgment, I will apply the appropriate law to the facts, even if Stinson cannot find and provide the law on his own. Stinson says that defendants are not complying with his discovery requests, but in my previous order, Dkt. 86, I explained that Stinson had submitted his discovery requests to the court instead of serving them on defendants as required under Federal Rule of Civil Procedure 5(a). Stinson should send his discovery requests directly to defendants' attorneys. If he follows the correct procedures and defendants still do not comply with his requests, he may file a motion to compel under Federal Rule of Civil Procedure 37(a).

I will also deny Stinson's motion to rely on a theory of res ipsa loquitor and to present lay witness testimony in support of this medical negligence claim. Dkt. 91. The motion is unnecessary. The court does not pre-approve use of particular legal theories or the sufficiency of witness testimony before summary judgment. Instead, the court evaluates legal arguments and evidence after summary judgment has been fully briefed and when it is determining whether summary judgment should be granted or denied. If either side moves for summary judgment, Stinson is free to raise any legal theory that he believes in good faith to apply to the facts of his case. He is also free at that time to present, though declarations, any witness testimony that he believes supports his claims. If the case proceeds past summary judgment,

the court will clarify the scope of the remaining claims and rule on the admissibility of witness testimony prior to trial.

## ORDER

IT IS ORDERED that:

1. Plaintiff Deyontae Cornail Stinson's renewed motion for assistance of counsel, Dkt. 87, is DENIED without prejudice.

2. Plaintiff's motion to rely on res ipsa loquitor and to present lay witness testimony, Dkt. 91, is DENIED as unnecessary.

Entered January 26, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge